UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

DON SILVER,

       Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CR-424 (JMA)

**FILED**
**CLERK**
11/24/2020 12:50 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Defendant Don Silver ("Defendant") has been charged with conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii), 841(b)(1)(C), and 846. (ECF No. 1.) Defendant moves pursuant to Federal Rule of Criminal Procedure 41(g) for the return of $3,000 in U.S. currency that was seized from him at his arrest, claiming that the money was a loan from his cousin. (ECF No. 7.) The government opposes the motion, arguing that $2,800 of the $3,921 found in Defendant's possession at the time of his arrest was pre-recorded buy money that law enforcement spent during controlled narcotics purchases. (ECF No. 8.)

      Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." In order "[t]o prevail on a Rule 41(e)[, now 41(g),] motion, a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (quoting United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir.1987)). Defendant has failed to make such a showing.

As an initial matter, Defendant has not alleged that the seizure was illegal or that the government's need for the property as evidence has ended.  Furthermore, the government has represented that $2,800 of the seized currency was pre-recorded buy money. Accordingly, Defendant has failed to demonstrate that he is entitled to lawful possession of the seized property. Therefore, Defendant's motion is **DENIED**.

**SO ORDERED.**

Dated:  November 24, 2020
       Central Islip, New York

                                                      /s/ (JMA)
                                                      JOAN M. AZRACK
                                                      UNITED STATES DISTRICT JUDGE